UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-7509 DSF (JTLx) | Date | 3/5/09 |

| | |
|---|---|
| Title | Craig and Julie Johnson, et al. v. Ticketmaster Corp., et al. |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Motion to Dismiss or Stay Action, or in the Alternative, to Dismiss or Strike Class Allegations and/or CLRA Damages Claim (Docket No. 26)

Before the Court is Defendants' Motion to Dismiss or Stay Action, or in the Alternative, to Dismiss or Strike Class Allegations and/or CLRA Damages Claim.

## I. FACTS

Plaintiffs Craig and Julie Johnson brought this Class Action Complaint ("Johnson Action") against Defendants Ticketmaster Corp., Ticketmaster, LLC, Entertainment Publications, Inc. a/k/a Entertainment, Inc., and IAC/InteractiveCorp. Plaintiffs allege (1) violation of California Business and Professions Code § 17200 et seq. against all Defendants, (2) violation of California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq. against all Defendants, (3) fraud, deceit, and/or misrepresentation against all Defendants, (4) conversion against all Defendants, (5) breach of the implied covenant of good faith and fair dealing against Defendants Ticketmaster Corp. and Ticketmaster, LLC, and (6) violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et seq. against Defendant Entertainment Publications, Inc.

Defendants argue that this case should be dismissed as it is duplicative of Mancini, et al. v. Ticketmaster, et al., CV 07-1459 DSF (JTLx) ("Mancini Action").[1]

---

[1] On April 30, 2008, the Court in Stearns v. Ticketmaster Corp., et al, CV 08-117 DSF (JTLx) ("Stearns Action") dismissed the following claims as duplicative of the Mancini Complaint: (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

## II.  LEGAL STANDARD

A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

"After weighing the equities of [a] case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  Adams v. Cal. Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007).  "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  Id. at 689 (citation and internal quotation marks omitted).  The Ninth Circuit applies a transaction test in determining whether causes of action are identical.  Id.  The inquiry is whether "the two actions share a common transactional nucleus of facts."  Id.

## III.  DISCUSSION

### A.  Plaintiffs' CLRA Damages Claim

Defendants argue that Plaintiffs' CLRA damages claim must be dismissed as duplicative because it arises out of the same transactions at issue in the Mancini Action. The Court agrees and finds that the CLRA damages claim should be dismissed for other reasons as well.

In the Mancini Action the Court stated that "class members . . . will not be prejudiced by counsel's failure [to properly allege a CLRA damages claim] because other class members could still bring a separate class action requesting classwide damages

---

violation of California Business and Professions Code § 17200 et seq. against all Defendants, (2) violation of California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 et seq. against all Defendants, (3) fraud, deceit, and/or misrepresentation against all Defendants, (4) conversion against all Defendants, and (5) breach of the implied covenant of good faith and fair dealing against Ticketmaster Corp. and Ticketmaster, LLC.  (Request for Judicial Notice Ex. I at 119-20.)  The Court grants Defendants' Request for Judicial Notice except as to pages 87-89 of the Request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

under the CLRA, so long as they comply with the statutory prelitigation notice requirement."[2]  (Request for Judicial Notice Ex. K at 141.)  Since then, however, the Court has denied class certification of the Mancini Action's proposed classes (Request for Judicial Notice Ex. K), which are identical to the proposed classes in this case.  This fact, along with the equities of this case, as more fully explained below, lead the Court to conclude that the CLRA damages claim should be dismissed.

### B.  Plaintiffs' Other Claims

This case is identical to the Mancini Action.  First, Plaintiffs' claims are identical to those in the Mancini Action.  (See Request for Judicial Notice Ex. E at ¶¶ 1-8, 28-34, 44-86; Johnson Amended Compl. ¶¶ 1-7, 22-28, 38-82.)  They arise from the same transactional nucleus of facts as that in the Mancini Action and the same evidence would be presented in both actions.  Also, the proposed class and subclass are the same in both complaints.  (See Request for Judicial Notice Ex. E at ¶¶ 34, 82-86; id. Ex. K at 2; Johnson Amended Compl. ¶¶ 28, 78-82.)  The rule against duplicative litigation is applicable to class actions.  See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979).

Second, the parties in the Johnson and Mancini Complaints are the same.  In a class action, the classes, and not the class representatives, are compared.  See Weinstein v. Metlife, Inc., 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006).  As noted, the proposed class and subclass are the same in both actions.  As in the Stearns Action, the Court will not permit counsel[3] "to burden the Court with multiple [attempts to certify] the same proposed classes, against the same Defendants, and asserting legally identical claims for relief."  (Request for Judicial Notice Ex. I at 120.)  This is especially so given that the Court denied class certification in the Mancini Action.  (Id. Ex. K.)

---

[2] The CLRA provides that "[t]hirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall . . . [n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770."  Cal. Civ. Code § 1782(a).

    "The purpose of the notice requirement . . . is to give the manufacturer or vendor sufficient notice of alleged defects to permit appropriate corrections or replacements. . . .  The clear intent of the act is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished.  This clear purpose may only be accomplished by a literal application of the notice provisions."  Outboard Marine Corp. v. Super. Ct., 52 Cal. App. 3d 30, 40-41 (1975) (internal footnote omitted).

[3] Again, counsel in the Mancini action are counsel for Plaintiffs here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Finally, the Court finds that the available relief is not different between the Johnson and Mancini Actions.

Thus, having weighed the equities in this case, the Court dismisses Plaintiffs' remaining claims.

## IV.  CONCLUSION

For these reasons, the Court GRANTS without prejudice the Motion to Dismiss.

IT IS SO ORDERED.