UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MANCINI, et al.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TICKETMASTER, et al.,<br><br>    Defendants.<br><br>CRAIG AND JULIE JOHNSON,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TICKETMASTER, et al.,<br><br>    Defendants. | Case Nos.  CV 07-01459 DSF<br>                CV 08-07509 DSF<br><br>ORDER RE PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS |

1    Class counsel have applied for an award of $4,000,000 in attorneys'
2 fees and expenses and for an incentive award of $5,000 to each named plaintiff.
3 Defendants do not oppose the application, and no objections to the application were
4 received from settlement class members.  A declaration from the mediator Antonio
5 Piazza states that the fees were negotiated only after all other material terms of the
6 settlement were agreed. (Dkt. # 493-8).  For good cause shown, the Court finds and
7 concludes as follows.

8    Class counsel have submitted evidence that they incurred $195,833.84
9 in expenses, exclusive of any flat fee charges such as Westlaw research.  Class
10 counsel also have computed that if a prime rate enhancement is applied from the
11 end of the year in which the expenses were incurred until June 2013, the total is
12 $219,073.84.  The Court makes no finding as to whether a prime rate enhancement
13 would be appropriate, as counsel does not seek the enhancement.   Class counsel
14 has categorized the expenses according to the Uniform Task Management Billing
15 System (UTMBS) codes.  The Court has reviewed the expenses and finds them to
16 have been reasonably incurred and to be compensable. *See Vincent v. Hughes Air*
17 *West, Inc.,* 557 F.2d 759, 769 (9th Cir. 1977).

18    Class counsel requests a fee award of the balance remaining from the
19 $4,000,000, after reimbursement of the $195,833.84 in costs, *i.e.,* of $3,804,166.16.
20 This requested fee equates to 16.5% of the reverting $23 million common fund
21 created by the settlement, which is below the Ninth Circuit benchmark of 25%. *See*
22 *Williams v. MGM Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997).

23    Class counsel has submitted daily timesheets indicating just under
24 8000 hours worked through July 15, 2013.  (Additional fees have been incurred
25 since that time.)  Each time entry has been categorized according to the UTMBS
26 codes, and totals have been provided for each code.  Class counsel has computed its
27 total lodestar as $3,963,787.25 and stated that if a prime rate enhancement is
28 applied from the end of the year in which the fees were incurred until June 2013,

the total lodestar is $4,362,254.29.  (The Court makes no finding as to whether a prime rate enhancement would be appropriate.)   While most of the work performed, time spent, and rates charged appear to be reasonable, the Court finds that the lodestar is lower than the amount proposed by counsel.

All the time records are in tenth-of-an-hour increments, as required by this Court's standing order, except those of Dreier LLP, which contends that the standing order had not been adopted, or that Dreier LLP was not aware of it, prior to the time that Dreier LLP dissolved.  Dreier LLP's position is irrelevant.  The Court concludes that quarter-hour billing overstates time worked.  It is possible that each entry for one-quarter hour should have been billed as one-tenth of an hour, each entry for one-half hour should have been billed as three-tenths of an hour, each entry for three-quarters of an hour should have been billed as six-tenths of an hour, and each entry for a full hour should have been billed as eight-tenths of an hour. Computing the Dreier LLP time on this basis results in a total lodestar of $683,059.00 (reduced from $705,211.25).  Class counsel's total lodestar would then be $3,941,635.00.  The Court finds the lodestar cross-check supports the requested award.

Plaintiffs have also requested an incentive award to each named plaintiff.  Incentive awards may be made to class representatives based on "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulty encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (of lack thereof) enjoyed by the class representative as a result of the litigation. " *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995). The Court is not aware of cases holding that incentive awards may be made to named plaintiffs who are not approved as class representatives, or who have been found not to be appropriate class representatives.  Plaintiffs point out that in *Radcliffe v. Experian Info. Solutions*

*Inc.*, 715 F.3d 1157 (9th Cir. 2013), the Ninth Circuit held that a class settlement agreement could not limit the right to seek incentive awards to those plaintiffs who actually signed the settlement and agreed not to object to it. *Id.* at 1165-66. Plaintiffs also point out that named plaintiffs who do not sign class settlement agreements or who object to the settlements would not typically be proposed or approved as class representatives. Plaintiffs argue that *Radcliffe* suggests that plaintiffs other than class representatives may be eligible for incentive awards, if they can otherwise demonstrate the relevant factors, such as risk undertaken, work performed, etc. Plaintiffs also contend that all the named plaintiffs incurred risks of liability for defendants' costs, had little to personally gain from the litigation, and remained involved for many years, including producing documents, appearing for deposition and submitting declarations. The Court does not find this argument to be persuasive. All named plaintiffs have been released from liability, and the Court concludes that plaintiffs who were found not to be adequate class representatives should not be compensated.

For the foregoing reasons, the Court approves Class counsel's application for an award of $4,000,000 in attorneys' fees and expenses and of a $5,000 incentive to Taylor Myers and Julie Johnson only. While the description of services performed and time spent by them was not adequate in itself, the Court is familiar with the extensive nature of this litigation and finds the amount to be appropriate.

**IT IS SO ORDERED.**

August 2, 2013                         _____
                                                    DALE S. FISCHER
                                                    UNITED STATES DISTRICT JUDGE